ORIGINAL

**FILED**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

SEP 0 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

LESLIE STANLEY )
Plaintiff )
Vs )   No. 08-622-DRH
CITY OF CENTREVILLE, ST. CLAIR COUNTY )
ST. CLAIR COUNTY BOARD )
LIEUTENANT GEORGORY MUSGRAVE )
JON ALLARD )
ROGER E. WALKER JR. )
JULIUS FLAGG AND )
ILLINOIS DEPARTMENT OF CORRECTIONS, )
Defendants, (sued in their personal and official capacities) )

**COMPLAINT**
(Under Title 42 U.S.C. §1983)

Now comes Leslie Stanley, Plaintiff, pro se, complaining of Defendants, City of Centreville, St. Clair County, St Clair County Board, Lieutenant Gregory Musgrave, Jon Allard, Roger E. Walker, Jr., Julius Flagg and Illinois Department of corrections willful, intentional, arbitrary acts and omission against him constituting, false imprisonment and illegal detention over a fourteen (14) year period in violation of his rights secured under the First, Fourth, Sixth, Eighth, and fourteenth Amendments to the United States Constitution.

1. Plaintiff, Leslie Stanley was incarcerated in the Illinois department of corrections prison system at all times relevant to this complaint, but his address is 236 Freedom Drive Apt M Belleville Ill 62226

2. Defendant, City of Centreville is and was located at 5800 Bond Ave. Centreville, IL. 62207

3. Defendant, St. Clair County Office is and was located at 10 Public Square, Belleville, IL, 62220, at all times relevant to this complaint.

4. Defendant, St. Clair County Board is and was located at 10 Public Square, Belleville, IL 62220, at all times relevant to this complaint.

5. Defendant, Gregory Musgrave is and was a Lieutenant for the Centerville Police Department located at 5800 Bond Avenue, Centreville, IL, 62207, at all times relevant to this complaint.

1

6. Defendant, Jon Allard is currently an Assistance State's Attorney of St. Clair County, located at 10 Public Square, Belleville, IL, 62220, but was an Assistance Public Defender for St. Clair County at all times relevant to this complaint.

7. Defendant, Illinois Department of corrections is and was located at 1301 Concordia Court, Springfield, IL 62794, at all times relevant to this complaint.

8. Defendant, Roger E. Walker Jr. is Director of Corrections located at 1301 Concordia Court, Springfield, IL 62974, and was so at all times relevant to this complaint.

9. Defendant, Julius Flagg is and was the Chief Administrative Officer at Pinckneyville Correctional Center located at _P.O. BOX 999_, Pinckneyville, IL _62274_, at all times relevant to this complaint.

## COUNT I.

Defendants, City of Centreville, St. Clair County, St. Clair County Board, Lieutenant Gregory Musgrave, Jon Allard, Roger E. Walker Jr., Julius Flagg, and Illinois Department of Correctional, while acting under Color of State Law, knowingly willfully arbitrarily and capriciously committed acts and omissions against Leslie Stanley constituting false imprisonment and illegal detention over a fourteen (14) year period in violation of his rights secured under the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

1. On January 14, 1994, a Grand Jury (of St. Clair County) hearing was held and Plaintiff Leslie Stanley, was indicted on First Degree Murder charges stemming from the killing of Sammie Wilborn.

2. During the Grand Jury hearing the Assistance State's Attorney called Lieutenant Gregory Musgrave to the witness stand. While on the stand, Lieutenant Musgrave knowingly testified falsely by stating that State Eyewitness James Dean told him that on December 22, 1993, Leslie Stanley and Sammie Wilborn got out of a Lincoln continental to urinate and with minutes he (Dean) saw Stanley pull a pistol and shoot Wilborn in the face and eight more times in the back of the head.

3. Since Lieutenant Musgrave took Dean's statement, he (Musgrave) already knew that Dean said he heard four shots, but never said he saw Stanley shoot Wilborn. But during trail, Lieutenant Musgrave again testified that Dean told him (Musgrave) he was Stanley shoot Wilborn as Wilborn urinated.

4. As a direct result of Lieutenant Musgrave's false testimony, Stanley was indicted for Wilborn's murder and eventually convicted by a St. Clair County jury and sentenced to 35 years in prison. Lieutenant Musgrave's false testimony was deliberate and done

2

based on the City of Centreville, through its police department implied policy of encouraging it detective to change the State's witness statements and/or add words to implement suspects, resulting in wrongful convictions, such as Stanley's.

5. Both the City of Centreville implied policy and Lieutenant Gregory Musgrave's knowing false testimony during grand jury and trail cause Stanley to be falsely imprisoned and illegally detained in prison for over fourteen (14) years in violation of the First, Fourth, Sixth, Eighth and Fourteenth Amendments.

6. During Stanley fourteen (14) years in maximum security and high medium security prisons in the State of Illinois. Also, during this time, Stanley lived in constant fear of physical assaults by gang members who controlled this State's maximum and high medium security prisons.

7. Stanley witnessed numerous assaults during his time in prison. He continues to suffer adverse psychological effects from his years of imprisonment. As Stanley sat in his cell, days turned into weeks; weeks turned into months; and months turned into years. Stanley's family and friends abandoned him finding the situation too hopeless. He endured freezing winters without adequate clothing and heat, roaches and rats crawling through his cell and thousands of sleepless nights without adequate bedding.

8. At the time of Stanley's trial both the Assistance State's Attorney and the Assistance Public Defender Jon Allard, representing Stanley knew or should have known that Stanley was innocent. But Allard intentionally refused to interview any of the witnesses like Dean, Musgrave, Bryant Swiggert, Dwana Stanley, and Robert Earl Brock and Allard's deliberate acts and omissions prior to and during trail resulted in Stanley's right to a fair trial, liberty, effective counsel, and due process were violated. Allard's deliberate failure to call any witnesses resulted in the jury finding Stanley guilty of murder and falsely imprisoned under cruel conditions for over fourteen (14) years.

9. It should be noted that the Southern District of Illinois District Judge David R. Herndon granted Staley's request for habeas corpus relief in Stanley v Bartley, No. 00 C 895, after finding that then Public Defender Allard provided ineffective assistance of counsel on March 28, 2006. The Court of Appeals for the Seventh Circuit affirmed the District Court's judgment on October 17, 206. (Bartley v Stanley, No. 06-2184).

10. Defendants Lieutenant Musgrave, Allard, the City of Centreville, St. Clair County and St. Clair county Board, along with the unsued the Assistance State's Attorney, investigative, supervisory and command personnel, including, but not limited to other unsued police officers, individually, and together reached an understanding, engaged in a course of conduct, and otherwise conspired among and between themselves to falsely imprison, maliciously persecute, and intentionally inflict severe emotional distress on Plaintiff Stanley in violation of the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

3

11. It should be noted that Defendants, St. Clair County and St. Clair County Board have established an implied policy of telling Public Defenders including then Assistance Public Defender Allard to keep indigent criminal defendants (like Stanley) costs down by not requesting funds from the Circuit Court to hire an investigator for transportation cost to visit the crime scene and necessary funds needed for polygraph tests and depositions (prior to and during trial).

12. In furtherance of this conspiracy, conspiracies or individual acts and omissions, the defendants named above, together with their unused co-conspirators, committed the over acts set forth above including, but not limited to, the wrongful imprisonment and persecution of Stanley, of knowingly concealing exculpatory evidence about Stanley, including but not limited to, the making of known misstatements and the presentation of this knowingly false and incomplete evidence to persecutions, judges, and juries, and appellate courts and the filing of false and incomplete statements and reports.

13. Defendant Jon Allard's knowingly refused to interview any of the State's witnesses (Lieutenant Gregory Musgrave, James Dean Bryant Swiggert, Dwana Stanley, and Robert Earl Brock) prior to trial was found to be ineffective assistance for counsel by chief District Judge Herndon (after an evidentiary hearing on Stanley's habeas petition) in his March 28, 2006 Memorandum and Opinion. Therefore, Allard violated Stanley's Sixth Amendment right during trial proceedings and Allard's acts and omissions directly resulted in Stanley's false imprisonment and illegal detention for over fourteen (14) years in violations of his rights: to liberty and the pursuit of happiness; illegal seizure; to protection from cruel and unusual punishment; and due process of law.

14. Defendants, Illinois Department of Corrections, Roger E. Walker Jr., Director of Corrections and Julius Flagg, Chief Administrative Officer of Pinckneyville Correctional Center falsely imprisoned and illegally detained Stanley for over fourteen (14) years even though knew or should have known that Stanley is, and was innocent of the crime. During Stanley fourteen (14) years in the prison, hew was kept in maximum security and high medium prisons.

15. No matter how much Stanley complained about being innocent to Walker, Flagg and Illinois Department of Corrections staff throughout his fourteen (14) he (Stanley) was not released by defendants until Chief District Judge Herndon ordered them to do so.

16. During Stanley fourteen (14) years in prison the above named defendants, through official policy, denied him clothing adequate for the winter, frigid weather and a wholesome and·nutritional diet each day during his fourteen (14) years.

17. As part of a deliberate and calculated plan to secure the conviction of the innocent plaintiff (Stanley); the unsued Assistant State's Attorney; along with Lieutenant Gregory Musgrave and then Public Defender Jon Allard intentionally manufactured false evidence against Stanley. These defendants refused to pursue the actual killer;

4

prevented others from pursuing the actual Killer of Wilborn and these same defendants defamed the reputation of the Plaintiff.

18. By each of these acts and omissions set forth in this complaint, Walker, Flagg, Illinois Department of Corrections, Musgrave, Allard, St. Clair County, St. Clair County Board and City of Centreville, intentionally and maliciously violated Plaintiff Leslie Stanley's rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

19. Defendants, Lieutenant Musgrave and then Public Defender Allard, along with their co-conspirator (City of Centreville and the Assistance State's Attorney not sued in this action) intentionally engaged in extreme and outrageous behavior such as deliberately lying to the Grand Jury to get Plaintiff Stanley indicted for a crime they knew or should have known, he did not commit and lying on the witness stand during trail which resulted in Plaintiff being convicted of the First-Degree Murder of Wilborn.

20. As a direct result of defendants Musgrave, Allard actions and City of Centreville implied policy, through its Police Department, Plaintiff Stanley was unjustifiably prosecuted and falsely imprisoned by Defendants Roger E. Walker Jr. and Julius Flagg, agents of the Department of Corrections, for over fourteen (14) years.

21. Defendants Musgrave, Allard, Walker, Flagg, City of Centreville, St. Clair County, and St. Clair County Board are all liable for this intentional infliction of emotional distress on Plaintiff Stanley, because it was proximately caused by their actions as set forth in this complaint.

22. As a direct and proximate result of the defendants' outrageous conduct, actions, policies (implied or otherwise) and behavior, Plaintiff Stanley suffered severe emotional distress, including anxiety, fear, anger, depression, disgrace, great humiliation, mental anguish and physical discomfort.

23. Plaintiff has now re-entered the world as a man who has been stripped of his dignity and robbed of the best years of his life. He is without skill necessary to make a living or the trust necessary to enjoy life. His body and soul carries the scars inflicted upon him by these Defendants.

24. Finally, Plaintiff Stanley watched as every single one of his rights were trampled on by a prosecution so cynical and corrupt as to betray every principle of a fair trial and due process.

Relief Sought:

(a) Order each defendant to pay compensatory and punitive damages of $30,000,000.00 each for a total award of $240,000,000.00.

5

(b)  Order each defendant to publish a formal apology in the Belleville News Democrat and St. Louis Post-Dispatch.

(c)  Order each defendant to also pay all expenses including paralegal preparation cost; court costs and attorney fees incurred by plaintiff through preparation and conclusion of this lawsuit.

(d)  Order defendants to expunge any and all other references to Plaintiff's conviction and sentence.

(e)  Order any other relief deemed appropriate by the Court.

Dated: 9-2nd-08     Respectfully submitted

By: *Leslie D. Stanley*
Leslie Stanley, Plaintiff pro se

Address: 236 Freedom Drive Apt M-II

Belleville, IL  62226