# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE STANLEY, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-622-DRH |
| CITY OF CENTREVILLE, *et al.*, | ) |
|       Defendants. | ) |

## **MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff, a former state inmate, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary and injunctive relief for malicious prosecution, false imprisonment, and violations of Plaintiff's constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Nothwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>     (A) the allegation of poverty is untrue; or
>     (B) the action of appeal -
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(A) and (B). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**BACKGROUND**

Plaintiff was convicted, after a jury trial, of first degree murder and sentenced to 35 years' imprisonment by the Circuit Court of St. Clair County, Illinois. *See Stanley v. Flagg*, No. 00-895-DRH (S.D. Ill.) (Memorandum & Order dated March 28, 2006). Plaintiff sought, but was denied a motion for a new trial by the trial court. *Id*. Plaintiff's direct appeal was denied by the Illinois Appellate Court. *Id*. The Illinois Supreme Court thereafter denied Plaintiff leave to appeal the decision of the appellate court on his direct appeal. *Id*.

After his direct appeal was denied, Plaintiff then initiated state post-conviction proceedings. The Illinois circuit court denied Plaintiff's post-conviction petition. *Id*. Plaintiff appealed the denial of post-conviction relief which was denied by the Illinois Court of Appeals. *Id*. The Illinois Supreme Court denied Plaintiff leave to appeal the decision of the appellate court on his post-conviction proceeding. *Id*.

Plaintiff then filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. In his § 2254 action, Plaintiff charged that he had been denied effective assistance of trial counsel. After an evidentiary hearing, this Court found that Plaintiff's trial counsel, John Allard, violated Plaintiff's Sixth Amendment right to effective assistance of counsel by failing to interview any witnesses in order to prepare an adequate defense. *Id*. Therefore, on March 28, 2006, this Court granted Plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court directed that Plaintiff be released from custody unless the State of Illinois retried him. On April 24, 2007, the Circuit Court of St. Clair County granted the State's motion to nolle pros the first degree murder charge, *see Id.* (Respondent's Status Report filed March 17, 2007), and apparently Plaintiff was

2

released from custody.

**THE COMPLAINT**

Having secured his release from confinement by means of a writ of habeas corpus, Plaintiff now brings claims against the persons and entities involved with his prosecution and conviction. Specifically, Plaintiff seeks relief against (1) Lieutentant Gregory Musgrave for giving false testimony before the grand jury that indicted him and at Plaintiff's trial; (2) the City of Centreville, Illinois (Centreville), for its "implied policy of encouraging [Defendant Musgrave] to give false testimony"; (3) against John Allard, his trial counsel, for providing ineffective assistance; (4) against St. Clair County, Illinois, and the St. Clair County Board for its "implied policy of telling Public Defenders . . . to keep . . . costs down by not requesting funds from the Circuit Court" to conduct an adequate investigation; and (5) against Defendants Musgrave, Allard, Centreville, St. Clair County and St. Clair County Board for conspiring to "falsely imprison, maliciously prosecute, and intentionally inflict severe emotional distress" on Plaintiff.

Additionally, Plaintiff brings claims concerning his confinement in prison. Specifically, Plaintiff seeks relief against (1) Defendants Walker, Flagg, and the Illinois Department of Corrections (IDOC) for false imprisonment because they "knew or should have known" that Plaintiff was innocent; (2) for denying him adequate clothing during his 14 years of confinement; (3) for denying him adequate food during his 14 years of confinement; (4) for "roaches and rats crawling through his cell" during his 14 years of confinement; and (5) for inadequate bedding during his 14 years of confinement.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into eight counts. The parties and the Court will use these designations in all future

3

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendant Musgrave for giving false testimony before the grand jury and at Plaintiff's trial in violation of Plaintiff's right to Due Process of law.

**COUNT 2:** Against Centreville for having a policy that encouraged Defendant Musgrave to give false testimony in violation of Plaintiff's right to right to Due Process of law .

**COUNT 3:** Against Defendant Allard for providing ineffective assistance of counsel in violation of Plaintiff's Sixth Amendment rights.

**COUNT 4:** Against St. Clair County and St. Clair County Board for it's policies that encouraged public defenders, including Defendant Allard, to keep costs down by not conducting an adequate investigation of their clients' cases in violation of Plaintiff's right to Due Process of law and Plaintiff's Sixth Amendment rights.

**COUNT 5:** Against Defendants Musgrave, Allard, Centreville, St. Clair County, and St. Clair County Board for conspiring to falsely imprison Plaintiff.

**COUNT 6:** Against Defendants Musgrave, Allard, Centreville, St. Clair County and St. Clair County Board for conspiring to maliciously prosecute and intentionally inflict emotional distress on Plaintiff.

**COUNT 7:** Against Defendants Walker, Flagg, and IDOC for falsely imprisoning Plaintiff.

**COUNT 8:** Against Defendants Walker, Flagg, and IDOC for denying Plaintiff adequate clothing, food, shelter, and bedding in violation of Plaintiff's Eighth Amendment rights.

### DISCUSSION

**A. Count 1 (false testimony).**

Plaintiff's claim against Defendant Musgrave for allegedly giving false testimony before the grand jury that indicted Plaintiff and at Plaintiff's criminal trial must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). It is well settled that a witness - even a police officer - who gives perjured

4

testimony before the grand jury or at a criminal trial is absolutely immune from later suit under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (Title 42 U.S.C. § 1983 does not authorize a convicted person to assert a damages claim against a police officer for giving perjured testimony at criminal trial); *Kinkaide v. Eberle*, 712 1023, 1023-24 (7th Cir. 1983) (applying *Briscoe* to grand jury witnesses). Therefore, Count 1 of the complaint will be dismissed with prejudice.

**B. Count 2 (Centreville policy to commit perjury).**

Although Defendant Musgrave cannot be held liable under § 1983 for giving perjured testimony before the grand jury or in Plaintiff's criminal trial, it appears that Centreville could be held liable under § 1983 for having a policy that encouraged Musgrave to give false testimony. *See Walker v. City of New York*, 974 F.2d 293, 299-300 (2nd Cir. 1992) (holding that ex-prisoner should be allowed to pursue discovery to determine whether city police department had a practice of condoning perjury by its officers or a pattern of police misconduct sufficient to require city police department to train and supervise its officers to assure they tell the truth). Therefore, Count 2 of the complaint should not be dismissed at this time.

**C. Count 3 (ineffective assistance of counsel).**

Plaintiff's claim that Defendant Allard provided him ineffective assistance of counsel in violation of Plaintiff's Sixth Amendment rights must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2). It is well settled that a public defender does not act under color of state law for purposes of 42 U.S.C. § 1983 when performing - even in a deficient manner - the traditional functions of an attorney to a defendant in a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1983). Therefore Count 3 of the complaint will be dismissed with prejudice.

**D. Count 4 (County policy to discourage investigation by public defenders).**

Plaintiff's claims against St. Clair County and the St. Clair County Board should not be dismissed at this time. Although the Court harbors grave doubts about the ability of the County or the County to direct and control the actions of the public defenders, threshold review under § 1915(e)(2) is not the proper place for resolving those doubts. At this stage, the Court assumes that Plaintiff's allegation that the County's policy caused Defendant Allard to provide ineffective assistance of counsel states a claim against County and the County Board. *See Clay v. Friedman*, 541 F. Supp. 500, 505-06 (N.D. Ill. 1982). Therefore, Count 4 should not be dismissed at this time.

**E. Count 5 (conspiracy to falsely imprison).**

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under § 1983). Conspiracy, however, is not an independent basis of liability in § 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). In this case, Plaintiff alleges that Defendants Musgrave, Allard, Centreville, St. Clair County, and the St. Clair County Board conspired to "falsely imprison" him. Assuming that Plaintiff's claim of "false imprisonment" rises to the level of a constitutional violation, the Court finds that Plaintiff's "false imprisonment" claim - and the conspiracy claim which is supported by it - should be dismissed as time barred.

"False imprisonment" ends when a victim becomes held pursuant to legal process - that is when the victim is "bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 594 U.S. 384, 389 (2007). Therefore, the statute of limitations for Plaintiff's "false imprisonment" claim

began to run on the date that legal process was initiated against him, not on the date he was released from custody and the State of Illinois dropped charges against him. *Id*. at 390.

As noted above, this Court presided over Plaintiff's habeas corpus action. Taking judicial notice of the facts in Plaintiff's state criminal case as revealed by that habeas corpus action, the Court finds that Plaintiff was held pursuant to legal process no later than the date of his conviction on May 13, 1994.[1] A two-year statute of limitations applies to Plaintiff's "false imprisonment" claim. *Id.* at 387. Plaintiff did not initiate the instant civil rights case until September 2, 2008, well after the two-year statute of limitations had run. Therefore, Plaintiff's "false imprisonment" claim, and any conspiracy claim based on it, is time barred.

**Count 6 (conspiracy to maliciously prosecute).**

As with Plaintiff's claim that Defendants Musgrave, Allard, Centreville, St. Clair County, and the St. Clair County Board conspired to "falsely imprison" him, Plaintiff's claim that these Defendants also conspired to "maliciously prosecute" him requires the existence of an underlying constitutional tort. Whether there is a *constitutional* tort called "malicious prosecution" is a question that has bedeviled the federal courts. *See Newsome v. McCabe*, 256 F.3d 747, 749-751 (7th Cir. 2001). In its latest attempt to provide some guidance for federal district courts, the Seventh Circuit Court of Appeals has directed that:

> Claims of malicious prosecution should be analyzed . . . under the language of the Constitution itself and, if state law withholds a remedy, then under the approach of *Parratt* adopted by Justices Kennedy and Thomas in *Albright*. Relabeling a fourth amendment claim as "malicious prosecution" would not extend the statute of

---

[1] Plaintiff was likely held pursuant to legal process much earlier than May 13, 1994 - for example, the date he was arraigned in state court on the charges - but that date is not readily apparent from Plaintiff's habeas corpus file.

> limitations . . ., and if a plaintiff can establish a violation of the fourth
> (or any other) amendment there is nothing but confusion to be gained
> by calling the legal theory "malicious prosecution."

*Newsome v. McCabe*, 256 F.3d at 751.

*Newsome*, however, demonstrates how difficult it can be to analyze a "malicious prosecution" claim under the language of the Constitution. In *Newsome*, the Seventh Circuit considered th plaintiff's claim that the defendants (two police officers) had withheld exculpatory evidence leading to Plaintiff's unlawful conviction and imprisonment under both the Fourth Amendment and under procedural prong of the Due Process clause. *Id.* at 750. The Court of Appeals found that Plaintiff's Fourth Amendment claim was barred by the statute of limitations, *id.*, but that the Due Process claim (withholding exculpatory evidence denied plaintiff a fair trial) was not because its accrual was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), until plaintiff had received his pardon. *Newsome*, 256 F.3d at 751-52.

In the case at hand, Plaintiff alleges a conspiracy among Defendants Musgrave, Allard, Centreville, St. Clair County and St. Clair County Board to "maliciously prosecute . . . [him] in violation of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments." According to Plaintiff this conspiracy consisted of concealing exculpatory evidence, giving of knowingly false testimony, and the filing of false and incomplete statements and reports. At this time, the Court is unable to conclude that Plaintiff's conspiracy claim should be dismissed.

**Count 7 (false imprisonment by prison officials).**

Plaintiff's claim that Defendants Walker, Flagg, and the IDOC "falsely imprisoned" him should be dismissed pursuant to § 1915(e)(2). As noted above, a "false imprisonment" ends when a victim becomes held pursuant to legal process - that is when the victim is "bound over by a

magistrate or arraigned on charges." *Wallace v. Kato*, 594 U.S. at 389. As further noted above, Plaintiff was convicted and sentenced by the state trial court to 35 years imprisonment. Thus, any claim that imprisonment was "false" ended when the conviction and judgment were entered against Plaintiff - even if subsequently the conviction is called into question by a writ of habeas corpus. Furthermore, it is axiomatic that prison officials were entitled to rely on the conviction and judgment entered by the state trial court and were under no duty to inquire whether Plaintiff's conviction was lawful. To hold otherwise would impose upon prison officials the impossible burden of having to investigate every claim of innocence made by every convicted persons they confine. Therefore, Count 7 of the complaint should be dismissed.

**Count 8 (conditions of confinement).**

Plaintiff's claims against Defendants Walker, Flagg, and the IDOC concerning the conditions of confinement should be dismissed pursuant to § 1915(e)(2). First, the IDOC is not a "person" within the meaning of § 1983 and Plaintiff's damages claimed are barred by the Eleventh Amendment. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Second, "the doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a

constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff, however, nowhere alleges that Defendants Walker or Flagg knew about the allegedly unconstitutional conditions or that they were deliberately indifferent to them. Instead, it appears that Plaintiff is attempting to hold Defendants Walker and Flagg liable only because of their supervisory positions. Therefore, Plaintiff's claims against Defendants Walker and Flagg should be dismissed.[2]

**DISPOSITION**

**IT IS HEREBY ORDERED** that Counts 1, 3, 5, 7, and 8 of the complaint are **DISMISSED,** with prejudice.

**IT IS FURTHER ORDERED** that because there are no remaining claims pending against them in this action, Defendants IDOC, Walker, and Flagg are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at Government expense (Doc. 4) is **GRANTED**.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Centreville, St. Clair County, St. Clair County Board, Musgrave, and Allard**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United

---

[2]Even if these claims survived threshold review under § 1915(e)(2), the Court notes that Plaintiff's claims concerning prison conditions appear to be improperly joined with his claims concerning his wrongful conviction. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Centreville, St. Clair County, St. Clair County Board, Musgrave, and Allard** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for purposes of supervising discovery issues, with dispositive motions and motions for appointment of counsel to be handled by the undersigned district judge]

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**DATED:** March 23, 2009.

/s/   DavidRHerndon
**DISTRICT JUDGE**