IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LESLIE STANLEY,

    Plaintiff,

v.

CITY OF CENTREVILLE, et al.,

    Defendants.                                              08-cv-622-DRH-CJP

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is Plaintiff's *pro se* Motion to Appoint Counsel (Doc. 23). There is no absolute right to appointment of counsel in a civil case. **Hudson v. McHugh, 148 F.3d 859, 862 n.1 (7th Cir. 1998)**. When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the indigent [movant] made reasonable efforts to retain counsel or been effectively precluded from making such efforts before requesting appointment" and "(2) given the difficulty of the case, [does the movant] appear to be competent to [litigate] it himself." ***Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (citations omitted) (stating that counsel, if warranted, should be provided not only for the purposes of trying a case, but for the "tasks that normally attend litigation" such as discovery and motions practice)**. As the Seventh Circuit has clarified, the Court

should not ask whether appointed counsel could "present the case more effectively than the pro se plaintiff," but "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." **Id. at 655**. Because the Seventh Circuit has recognized that there may not be a well-developed record available for the court to review when considering a motion to appoint counsel, it has directed district courts to approach the motion in a "practical" way, making the decision "in light of whatever relevant evidence is available on the question" when the motion is brought. **Id.**

In this instance, Plaintiff was a former inmate, convicted of first degree murder and sentenced to 35 years' imprisonment, who was released from custody after his **28 U.S.C. § 2254** petition for writ of habeas corpus was granted (after the State of Illinois decided not to retry him). He thereafter filed this civil rights suit against Defendants for their alleged involvement in his prosecution and conviction. After a preliminary review of Plaintiff's *pro se* Complaint, pursuant to **28 U.S.C. § 1915(e)(2)**, the surviving counts are as follows:

> Count 2: claim that defendant City of Centreville, Illinois, maintained a policy that encouraged its employees, such as defendant Musgrave, to commit perjury in violation of Plaintiff's right to due process of the law;
>
> Count 4: claim that defendants St. Clair County, Illinois and the St. Clair County Board maintained a policy that encouraged its public defenders, including defendant Allard, to keep costs down by not conducting an adequate investigation of their clients' cases in violation of Plaintiff's due process and Sixth Amendment rights;
>
> Count 6: claim that defendants Musgrave, Allard, City of Centreville, St. Clair County and the St. Clair County Board conspired to maliciously

prosecute and intentionally inflict emotion distress on Plaintiff (*See* Doc. 7.)[1]

In his Motion for Appointment of Counsel (Doc. 23), Plaintiff states that he seeks counsel "for the purpose of filing a 'Response' to Defendant's [sic] Answer . . . and to ensure that he receives 'meaningful access to the courts' under the First Amendment to the Constitution" (*Id*. at 1). Plaintiff had previously filed a motion requesting appointment of counsel (Doc. 3), which was denied without prejudice by the Court on March 23, 2009 (Doc. 8), finding that Plaintiff had not fulfilled even the first prong of the inquiry under **Pruitt**, showing that he had unsuccessfully attempted to obtain counsel or been effectively precluded from doing so. Thus, in the instant Motion, Plaintiff lists four separate law firms that could not take his case (Doc. 23, ¶ 5). With regard to the second prong of the inquiry under **Pruitt**, Plaintiff states that he need assistance from someone trained in the laws because he has no legal knowledge, skills or education to represent himself in court or respond to Defendants' Answer (*Id*. at ¶ 2).

Plaintiff has already been granted leave to proceed in forma pauperis, making it unlikely that he can afford to retain an attorney. The Court further takes Plaintiff at his word that he has made reasonable attempts to contact four separate

---

[1] Plaintiff's Complaint (Doc. 1) actually only lists Count 1, but a threshold review determined the allegations actually stated eight separate claims, three of which survived threshold review (Doc. 7).

law firms, listed in his Motion, that have been unable to represent him.[2] Accordingly, the Court finds that the first prong of the ***Pruitt*** test has been met. The Court will next analyze Plaintiff's Motion under the second prong.

It is clear from Plaintiff's *pro se* pleadings in this case (i.e., in asking to file a "Response" to Defendants' Answer, which is not technically allowed), his statements about his lack of legal knowledge and skills, that he is unlikely competent enough to litigate this matter himself.[3] However, the Court must also determine the relative complexity of Plaintiff's claims to thereby determine whether Plaintiff's level of competence would be outweighed by the difficulty of his case. The remaining counts in Plaintiff's Complaint – Counts 2, 4 and 6 – contain complicated allegations which describe policies developed by governmental entities encouraging wrongful behavior by employees and also allegations of conspiracy. From a review of Plaintiff's Complaint, he alleges that he was convicted because of Defendant's wrongful behavior – in other words, that he was actually innocent. However, it is clear from the Seventh Circuit opinion that Plaintiff was only granted habeas relief on the basis of ineffective assistance of trial counsel and not because of a finding of actual innocence. At this stage, the Court cannot determine whether there is actual merit to Plaintiff's remaining claims. However, it is clear Plaintiff is not sophisticated enough to continue to litigate this matter without assistance of appointed counsel.

---

[2] The Court notes that one of these law firms was appointed to represent Plaintiff in his § 2254 habeas case.

[3] The Court also has had the additional benefit of observing Plaintiff as it formerly presided over his § 2254 proceedings.

As such, Plaintiff's Motion to Appoint Counsel (Doc. 23) is **GRANTED**.

The Court hereby **APPOINTS** attorney **Erik L. Hansell** of the law firm of Husch Blackwell Sanders, LLP, St. Louis, Missouri, to represent Plaintiff, *pro bono*, in this matter. Plaintiff is cautioned to consult with his counsel in this matter and to understand that it he who is the legal professional in this relationship. Without commenting on the validity of the matter in litigation (which as previously stated, the Court has in no way passed judgment upon, however, it has had considerable experience in issues of this kind), counsel is reminded and the Plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, Plaintiff should realize that in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise Plaintiff to pursue additional claims or may advise Plaintiff to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel he will have to cooperate fully with that counsel. The Court is not obligated to and will not accept any filings from the Plaintiff individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation. Funds for the reimbursement of out-of-

pocket expenses of counsel are very limited, but if Plaintiff prevails, the Court has the discretion to consider the reimbursement of expenses from the case proceeds. Counsel should use the utmost care in expending funds and in no event will funds be reimbursed if the expenditure is found to be without a proper basis. Counsel should consult the local rules and the District Court Fund plan for more information in this regard.

**IT IS SO ORDERED**.

Signed this 12th day of May, 2009.

/s/      DavidRHerndon

**Chief Judge**
**United States District Judge**